Austell *vs.* McLarin *et al.*

---

ALFRED AUSTELL, plaintiff in error, *vs.* ELIZABETH MC-LARIN *et al.*, defendants in error.

A suit was brought on a joint and several promissory note against two parties who lived in different counties. No service was made upon the defendant residing in the county of the location of the suit until after the first term. At the second term a verdict and judgment was taken against the non-resident defendant alone:

*Held,* that the verdict and judgment was illegal, and equity will enjoin its enforcement. In such a case the non-resident defendant has a right to insist upon a verdict and judgment against his co-obligor at the time they are taken against him.

Joint and several obligation. Principal and security. Service. Judgment. Before Judge BUCHANAN. Campbell county. At Chambers. December 1st, 1873.

A. S. Gorman, a non-resident, and James M. Gorman, of Douglass county, as principals, and Alfred Austell, of Fulton county, as security, made their joint and several promissory note to Elizabeth McLarin, or bearer, on the 24th of January, 1872, for $4,000 00, due the 25th of December thereafter. Elizabeth McLarin instituted suit on said note in the superior court of Douglass county to the April term, 1873. A second original and copy, with process, was issued for Fulton county, and served on Austell, in Fulton county, on the 3d of April, 1873. No copy or process was issued for or served on James

M. Gorman, the resident debtor, of Douglass county.   At the
term to which said case was made returnable, an order was
taken to perfect service on said James M. Gorman, and he
was served on the 6th day of May, 1873.   At the October
term, 1873, a judgment was rendered by the court against
Alfred Austell, the security, of Fulton county, for the sum of
$4,000 00 principal, and $233 00 interest, with costs of suit.
On the 22d day of October, 1873, an execution was issued,
and transferred from Douglass to Campbell county, and levied
on the land of said Austell, which was advertised for sale on
the first Tuesday in December, 1873.   On the 24th of No-
vember, 1873, said Austell filed his affidavit of illegality, in
terms of the law, predicated on the facts aforesaid, and ten-
dered the same to the sheriff of Campbell county, who refused
to accept the same, and notified him that he would proceed to
sell.   He immediately filed his bill setting forth the facts afore-
said, praying that Elizabeth McLarin, her attorney, and the
said sheriff, might be enjoined from proceeding with said levy
until the further order of the court.

The injunction was refused, and complainant excepted.

D. F. & W. R. HAMMOND, for plaintiff in error.

R. J. TUGGLE; T. W. LATHAM, by LESTER & THOMSON,
for defendants.

McCAY, Judge.

The general rule in this state is that men must be sued in
the county of their residence.   In case of joint obligors the
constitution provides that they *may be tried* in the county of
the residence of either obligor.   The point made in the pres-
ent case is that the original suit, whilst it was properly filed
in Campbell county and properly served on Austell, yet the
judgment taken against him alone was not properly and le-
gally taken, because it was illegal at that time to take a judg-
ment against Gorman.   For some reason Gorman was not
served by the first term; an order was, however, taken at that

term to perfect service, and service had been perfected by the second term. It seems to have been taken for granted, and properly, that this was, as to Gorman, the first term, and that judgment could not be taken as to him. There being no appearance, a judgment was taken against Austell alone. We think the plaintiff had no right to the judgment against Austell. When sued out of his county and served in a proper case, he has a right to suppose that judgment will go against him according to law, and if he fails to appear, this, under our law, is all that can be done.

As this case stands it is precisely the same as to him as if he had been sued in Campbell county on his sole note. The only right to sue and try a case against Austell in Campbell county comes from the fact that he has given a joint note with Gorman who lives in that county. The plaintiff in taking a separate judgment against Austell has done so on the ground that the note is a several note. If it be treated as several, Campbell county has no jurisdiction, for the declaration alleges that Austell resides in Fulton county.

We are not prepared to say what right the plaintiff would have if Gorman had died pending the suit. But we are clear that as Gorman was living and a party to the suit, it was not the right of the plaintiff, at his option, to take a judgment against Austell alone. The law, in allowing a party thus to be sued, gives to the defendants certain rights against each other. If Austell pays *this* judgment he has no right to control it against Gorman. Had the law been followed he could have done so. If the paper were strictly a joint paper the suit and the judgment must be joint if both are alive; and it was only because it was joint that the right to force Austell to try his case in Campbell county existed. When the contract was treated by the plaintiff as a several contract the jurisdiction over Austell was gone. None of the cases referred to meet this. We recognize the right to perfect service, as was done; we recognize the right of a plaintiff who has a joint note to bring suit against both, and if one die to go on against the survivor. We admit, too, that if both the parties

defendant live in the same county, and the note be joint and several, the plaintiff may dismiss as to one and go on as to the other. But when they live in different counties we think a different rule must obtain. The plaintiff, by suing both together in the county of one, has elected to treat them as joint obligors, and he cannot repudiate that election of his own motion so as to keep jurisdiction over the defendant who is sued out of his county. For these reasons we think this judgment against Austell is illegal. He has a right to have a joint judgment. The parties have elected to treat it as a joint debt, and by doing so they have forced Austell to submit to be sued—to have his case tried out of his own county. He cannot repudiate the election and keep jurisdiction over Austell.

Judgment reversed.